Scott **HUMINSKI**, Plaintiff,

v.

**RUTLAND COUNTY, Rutland County Sheriff's Department, R.J. Elrick, Hon. Nancy Corsones, Hon. Patricia Zimmerman, Karen Predom, and Rutland District Court, Defendants.**

No. CIV.A. 199–CV–160.

United States District Court, D. Vermont.

June 5, 2001.

William Edward Kraham, Brattleboro, VT, Robert L. Corn–Revere, Hogan & Hartson, Washington, DC, for plaintiff.

Scott Huminski, Bennington, VT, pro se.

Pietro J. Lynn, Heather Elaine Thomas, Lynn & Associates, P.C., Burlington, VT, for Rutland County Sheriff's Dept., R.J. Elrick, defendants.

Joseph Leon Winn, Vermont Attorney General's Office, Montpelier, VT, Peter Welles Hall, Reiber, Kenlan, Schwiebert, Hall & Facey, Rutland, VT, for Nancy Corsones, Vermont District Court Judge, Karen Predom, Vt State Police, Unnamed Vermont State Police Officer, Rutland District Court, M. Patricia Zimmerman, Hon. Judge, Rutland County, defendants.

*Opinion and Order*

MURTHA, Chief Judge.

(Paper 73)

█ Defendants Nancy Corsones and M. Patricia Zimmerman renew their request to dismiss Plaintiff Scott Huminski's complaint pursuant to 42 U.S.C. § 1983 alleging that Corsones and Zimmerman violated his First Amendment rights when they executed trespass orders denying Huminski admission to state courthouses and grounds. Corsones and Zimmerman claim that liability cannot attach because, as judges, they are absolutely protected from suit by the doctrine of judicial immunity.[1]

---

1. Alternatively, Corsones and Zimmerman argue that the doctrine of qualified immunity protects them from suit should the Court find that they are not entitled to absolute immunity. As the Court has previously noted, (see Paper 79 at 3), the affirmative defense of qualified immunity generally cannot support a grant of a Rule 12(b)(6) motion to dismiss because the defense requires an investigation into the facts and evidence not available at this early stage of the pleadings. *See Imbler v. Pachtman,* 424 U.S. 409, 419 n. 13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Therefore, the Court does not address in full the Defendants'

In addition, Corsones contends that Huminski's motion fails to adequately state how she was personally involved in the alleged deprivation of his constitutional rights and thus fails to state a claim against her.

Corsones and Zimmerman also argue that because state officials are not "persons" as defined by § 1983, they are protected from suit in their official capacities under the Eleventh Amendment.

For the reasons set forth below, the Defendants' motion to dismiss Huminski's claims pursuant to § 1983 for retrospective relief in the Defendants' official capacities is GRANTED. Otherwise, Defendants' motion to dismiss is DENIED.

### Background

On February 27, 2001, the Court enjoined the Defendants from enforcing two notices of trespass dated May 24, 1999 and May 27, 1999. (Paper 67.) The injunction also limited the conditions under which a notice of trespass impeding Huminski's access to state courts and grounds could issue against him. (Id.) Familiarity with the factual basis of the Court's decision to issue the injunction is assumed. For purposes of this motion only, the following facts are pertinent:

Huminski parked his van in a public parking lot adjacent to the Rutland District Court on May 24, 1999. He had displayed large posters on the sides of the vehicle conveying unflattering opinions of Defendant Judge Nancy Corsones' legal expertise. Court personnel served Huminski with a notice of trespass and required him to leave the courthouse after he refused to remove the van or its posters. The briefings provide no evidence that Huminski or the van posed a threat to court proceedings or security.[2]

### Analysis

#### I. Rule 12(b)(6) Standard of Review

Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir.1999); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on such a motion, the court must look only to the allegations in the complaint and any documents attached to or

qualified immunity argument and denies their request to dismiss the complaint on this basis.

**2.** Defendant Corsones has presented the court with an affidavit accompanying her request to reconsider the Court's issuance of the preliminary injunction. This affidavit notes that she believed that Huminski posed a threat to court security at the time the initial trespass notice issued. Huminski filed the instant complaint on June 1, 1999. Now, nearly two years later, Corsones makes the first mention of any type of threatening behavior that might have necessitated a blanket prohibition against Huminski's entry into state courts. Corsones justifies her failure to bring these security issues to light on grounds that she chose to "defer [the] assertion of fact-based defenses pending a ruling on the merits of [her] Motion to Dismiss the suit (on grounds which include judicial immunity)." (Paper 76 at 3.)

The logic underlying Judge Corsones' reticence is difficult to fathom. An inquiry into the Defendants' concerns of impending violence or threats to court security at the time of the preliminary injunction hearing may have proved dispositive of Huminski's permissible use of his First Amendment freedoms. *See Roberts v. United States Jaycees*, 468 U.S. 609, 628, 104 S.Ct. 3244, 3255, 82 L.Ed.2d 462 (1984) ("[V]iolence or other types of potentially expressive activities that produce special harms distinct from their communicative impact ... are entitled to no constitutional protection.") Thus, credible allegations of potential harm or injury would have weighed strongly against the issuance of the preliminary injunction.

incorporated by reference in the complaint. *See, e.g., Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir.1999).

The court must assume all well-pleaded factual allegations to be true and view all reasonable inferences that can be drawn from such allegations and documents in the light most favorable to the plaintiff. *See, e.g., Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). Nonetheless, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir.1996). When a judge acts within her authority, however, she is immune from suit and the matter ends before the pleadings lead to the discovery stage. *See Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (*citing Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Therefore, when a judge is accused of wrongdoing, judicial immunity provides an absolute defense that requires an inquiry into whether the conduct at issue is subject to that defense.

## II. *Judicial Immunity*

The Defendant Judges contend that the trespass notices issued based upon the Judges' "interest in court decorum, safety and the orderly operation of the Court's core functions." (Paper 73 at 5.) Their perception that Huminski threatened the orderly operation of court proceedings derived, apparently, from the determination that he had "no particular reason to be at court that day." (Id.) They do not argue, in their motion to dismiss, that Huminski engaged in any other type of conduct or speech that might have threatened violence, created a nuisance, or interfered with the orderly administration of justice.

The well-established doctrine of judicial immunity entitles judges defending against § 1983 suits to absolute immunity from damages stemming from conduct performed in a judicial capacity. *Fields v. Soloff,* 920 F.2d 1114, 1119 (2d Cir.1990). A judge cannot be deprived of this immunity where the conduct resulted from error, malice or an excess of authority. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Moreover, a judge is not liable where an incorrect decision violates state law. *Fields,* 920 F.2d at 1119.

Judicial immunity protects not the actions of the "malicious judge ... but [protects] the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences." *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 349, 20 L.Ed. 646 (1871) (citation omitted). A judge is subject to suit only when the judge clearly has not been granted the authority to engage in the conduct at issue. *See Stump,* 435 U.S. at 356–57, 98 S.Ct. 1099. The relevant inquiry focuses on whether the judge acted "in excess of jurisdiction" or in the "clear absence of all jurisdiction." *Bradley,* 80 U.S. at 352, 80 U.S. 335. In other words, a judge is completely immune from suit unless the "judge does not act as a judge, or when a judge, though acting under color of judicial authority, lacks any jurisdiction supporting judicial authority for the action taken." *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

### A. *Jurisdiction Over the Subject Matter*

"[T]he scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356, 98 S.Ct. 1099. Only acts performed in their judicial ca-

pacity, however, entitle a judge to absolute immunity. *Id.* at 360, 98 S.Ct. 1099. The "factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362, 98 S.Ct. 1099.

■ Corsones and Zimmerman argue that "[i]t is beyond dispute that judges' actions in governing their courtrooms and court property are judicial in nature." (Id. at 4.) Even assuming Vermont judges are vested with authority to govern access to their courtrooms, the judges' response does not address the point. The Defendants sought Notices of Trespass as a means of having Huminski's van removed from the parking lot—or, as an alternative, the signs removed from the van—not as a means of denying Huminski access to the courthouse. Although the remedy chosen by the Defendants worked to prevent Huminski from accessing the courthouse, they were not motivated to eject him from the grounds due to his physical presence in the courthouse, but rather by the unpopular slogans he carried on the sides of his van.

Whether Corsones or Zimmerman had been authorized to request Notices of Trespass to control access to all state courthouses and grounds (regardless of their motivation for doing so) remains an open question. Indeed, this Court has been presented with no evidence that Corsones or Zimmerman have a grant of authority which permits them to deny access to the courthouse in which they sit. Finally, the Court questions their ability to eject individual citizens from any courthouse based solely upon the judges' discretion. Therefore, because Corsones and Zimmerman have failed to address whether they did *in fact* have the authority to expel Huminski from court grounds

throughout Vermont (or even the Rutland District Court) based exclusively on the presence of his van in the adjacent parking lot, their request for absolute judicial immunity must be denied.

### III. *Personal Involvement*

Corsones argues that Huminski has failed to make a sufficient factual showing that she was personally involved in the alleged deprivation of his constitutional rights. She further contends that a showing of personal involvement is a prerequisite to an award of damages under § 1983 and, having failed to make this showing, Huminski's claims against her must be dismissed.

■ While the Court does not disagree with Corsones' contention that the defendant's personal involvement is required in order to prevail in a § 1983 action, she errs in asserting that Huminski must make this showing so early in the process. In evaluating a motion to dismiss, the Court's "task is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980).

■ A plaintiff need not provide evidence at initial filing; indeed, the pleading of evidence should be avoided. *See, e.g., Geisler,* 616 F.2d at 639–40. The "issue on a Rule 12(b)(6) motion is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." *Woodford v. Cmty. Action Agency of Greene Co., Inc.,* 239 F.3d 517, 526 (2d Cir.2001) (citations omitted).

■ Huminski adequately cites Corsones as a defendant in this case and ties her to the issuance of the Notices of Trespass. Moreover, Corsones, through her attorneys, orally acknowledged her in-

volvement in acquiring the notices during a hearing held January 18, 2001. Fed. R.Civ.P. 8 requires only that a plaintiff provide a defendant with "notice pleading." In this instance, Huminski has provided Corsones with sufficiently specific facts to permit her to formulate a response. Therefore, Huminski's claims against Corsones survive her motion to dismiss based on a failure to plead her personal involvement.

## IV. *Official Capacity Suits Pursuant to § 1983*

 Zimmerman and Corsones argue that the Eleventh Amendment protects them in their official capacities from any suit brought pursuant to § 1983. Indeed, "[s]tates and state officers, if sued in their official capacities for retrospective relief are immunized by the Eleventh Amendment from suits brought by private citizens in federal court and, in any event, are not 'persons' subject to suit under § 1983." *K&A Radiologic Tech, Servs., Inc. v. Comm'n of Dep't of Health of the State of New York,* 189 F.3d 273, 278 (2d Cir.1999). Therefore, any of Huminski's claims against Corsones or Zimmerman in their official capacity seeking retrospective relief under § 1983 must be dismissed.

On the other hand, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Therefore, Corsones and Zimmerman remain parties to the action and subject to the constraints of the preliminary injunction.

### *Conclusion*

For reasons set forth above, Defendants Corsones' and Zimmerman's Motion to Dismiss Huminski's § 1983 complaint against them in their official capacities seeking retrospective relief is GRANTED. In all other respects, the Motion to Dismiss is DENIED.

SO ORDERED.